UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, individually and as an assignee
and subrogee of Mechanical Dynamics & Analysis,
LLC, and LEXINGTON INSURANCE COMPANY,
individually and as an assignee and subrogee of
Mechanical Dynamics & Analysis, LLC,

           Plaintiffs,

v.

CONTINENTAL CASUALTY COMPANY,

           Defendant.

Case No. 07-CV-11073(WHP)
ECF CASE

---

## AMENDED REPORT OF RULE 26(F) CONFERENCE

Under Federal Rule of Civil Procedure Rule 26(f), Plaintiffs National Union Fire Insurance Company ("National Union") and Lexington Insurance Company ("Lexington"), and Defendant Continental Casualty Company ("Continental"), submit the following report of their June 17, 2008 conference and proposed discovery plan:

**1.**   **Counsel**

    Plaintiffs:        HODGSON RUSS LLP
                 Patrick M. Tomovic and
                 Kevin D. Szczepanski, of Counsel

    Defendant:        CARROLL MCNULTY & KULL LLC
                 Christopher R. Carroll
                 Margaret F. Catalano, and
                 Eileen de Callies, of Counsel

2.  **Nature of Claims**

   A.  **Plaintiffs' Claims.**  National Union and Lexington allege that Continental failed to defend and indemnify the insured, MD&A, in the underlying action, and consequentially seek a judicial declaration that (i) Continental must reimburse Lexington for all defense costs it paid on MD&A's behalf; (ii) alternatively, Continental must reimburse Lexington for its pro rata share of the defense costs Lexington paid on MD&A's behalf; (iii) Continental must reimburse National Union for $4,000,000 in indemnity costs; (iv) Continental has been unjustly enriched by plaintiffs' payment of MD&A's defense and indemnity costs; (v) Continental breached its contractual duty to defend and indemnify MD&A; and (vi) Continental breached its duty of good faith to MD&A and Lexington.

   B.  **Defendant's Claims.**  Continental has denied the material allegations of the complaint and asserted counterclaims, seeking a judicial declaration that (i) the damages at issue do not arise from "professional services," as defined by the Continental Policy; (ii) Continental had no obligation to defend or indemnify MD&A in connection with the underlying action; (iii) the Continental Policy is not "underlying insurance" as related to the National Union Policy's Retained Limit provision; (iv) the National Union Policy is not "excess" to the Continental Policy; and (v) National Union must reimburse the $1,000,000 that Continental contributed toward the settlement of the underlying action.

3.  **Proposed Discovery Plan**

   A.  **Rule 26(a) Disclosures.**  The parties propose that the deadline for making Initial Disclosures under Rule 26(a) be extended to July 11, 2008.  The parties will separately

submit a proposed stipulation regarding such an extension. The parties do not propose any changes to the form or requirement of disclosures under Rule 26(a).

**B.      Discovery.** The parties propose to take discovery on the following subjects: (i) issuance of the National Union, Lexington, and Continental Policies alleged in the parties' pleadings, and the application of those policies to the claims at issue in the underlying action entitled *Arizona Public Service Co. et al. v. Mechanical Dynamics & Analysis, LLC et al.*, Case No. CV 2005-005740, Arizona Superior Court, Maricopa County; (ii) the nature and scope of settlement negotiations in the underlying action; (iii) priority of coverage among the policies at issue; (iv) communications between the parties regarding the underlying action; (v) communications between MD&A and the parties regarding the defense and indemnification of the claims at issue in the underlying action; and (vi) all pleadings and discovery exchanged between the parties to the underlying action. The parties propose to complete discovery by December 17, 2008.

The parties cannot agree at this time regarding whether discovery should be conducted in phases. Continental believes phasing of discovery is necessary and maintains that discovery with respect to plaintiffs' claim of bad faith should be stayed, pending resolution of the coverage issues. National Union and Lexington feel it is unnecessary, however, to conduct discovery in phases under all circumstances. The parties will confer in an effort to resolve this issue. If necessary, the parties will involve the Court.

**C.      Electronically Stored Information.** At this time, the parties do not anticipate any issues concerning the disclosure or discovery of electronically-stored information. If

an issue arises, the parties will confer in an effort to resolve it. If necessary, the parties will involve the Court.

D.  **Claims of Privilege or Protection of Trial-Preparation Material.** At this time, the parties are not in a position to determine whether any issues concerning claims of privilege or of protection as trial-preparation materials will arise. If an issue arises, the parties will confer and agree on a procedure under which such claims may be asserted. If necessary, the parties will ask the Court to approve their agreement in the form of a protective order.

E.  **Changes to Limitations on Discovery.** The parties propose the following changes to the limitations on discovery under the federal and local rules of civil procedure: each party may serve up to 35 interrogatories, including discrete subparts. In addition, the parties agree to make reasonable accommodations as to the length of depositions under Rule 30(d)(2).

F.  **Other Proposed Orders under Rules 16 or 26.** At this time, the parties do not propose any other orders under Rules 16 or 26.

Dated: June 20, 2008

**HODGSON RUSS LLP**
*Attorneys for Plaintiffs*

_____
Patrick M. Tomovic (PT 4030)
Kevin D. Szczepanski (KS 1599)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000

Dated: June 20, 2008

**CARROLL MCNULTY & KULL, LLC**
*Attorneys for Defendant*

_____
Christopher R. Carroll (CC 0300)
Eileen de Callies (ED 2938)
570 Lexington Avenue - Tenth Floor
New York, New York 10022
(212) 252-0004 (telephone)
(212) 252-0444 (fax)

4

The Lincoln Building
60 East 42nd Street, 37th Floor
New York, New York 10165-0150
(212) 661-3535