UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, individually and as an assignee
and subrogee of Mechanical Dynamics & Analysis,
LLC, and LEXINGTON INSURANCE COMPANY,
individually and as an assignee and subrogee of
Mechanical Dynamics & Analysis, LLC,

         Plaintiffs,

  v.                Case No. 07-CV-11073(WHP)
                     ECF CASE
CONTINENTAL CASUALTY COMPANY,

         Defendant.

---

## REPLY TO COUNTERCLAIMS

    Plaintiffs National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Lexington Insurance Company ("Lexington"), individually and as assignees and subrogees of Mechanical Dynamics & Analysis, LLC ("MD&A"), through their attorneys, Hodgson Russ LLP, for their reply to Continental Casualty Company's counterclaims:

    1.  Refer to the Lexington, National Union, and Continental Policies, which speak for themselves, and deny the remaining allegations in paragraph 1.

    2.  Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 2.

    3.  Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 3.

4. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 4, except admit that the National Union Policy is an umbrella policy that applies, if at all, in excess of MD&A's retained limit.

5. State that this paragraph requires no response but, to the extent a response is required, deny the allegations in paragraph 5.

6. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 6.

7. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 7.

8. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 8.

9. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 9.

10. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 10.

11. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 11.

12. State that this paragraph requires no response but, to the extent a response is required, deny the allegations in paragraph 12.

13. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 13.

14. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 14.

15. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 15.

16. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 16.

17. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 17.

18. Denies the allegations in paragraph 18, except admits that the National Union Policy as alleged in paragraph 27 of the amended complaint is a Commercial Umbrella Policy that applies, if at all, in excess of an insured's retained limit.

19. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 19.

20. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 20.

21. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 21.

22. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 22.

23. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 23.

24. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 24.

25. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 25.

26. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 26.

27. Refer to the Lexington, National Union, and Continental Policies, which speak for themselves, and deny the allegations in paragraph 27.

28. Admit the allegations in paragraph 28.

29. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 29, except admit that APS is an Arizona corporation.

30. Admit the allegations in paragraph 30.

31. Refer to the Master Agreement, which speaks for itself, and deny the remaining allegations in paragraph 31.

32. Refer to the Master Agreement, which speaks for itself, and deny knowledge and information sufficient to form a belief about the remaining allegations in paragraph 32.

33. Refer to the Purchase Order, which speaks for itself, and denies the remaining allegations in paragraph 33.

34. Refers to the Acknowledgement Order, which speaks for itself, and deny the remaining allegations in paragraph 34.

35. Refer to the Purchase Order, which speaks for itself, and deny the remaining allegations in paragraph 35.

36. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 36.

37. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 37.

38. Refer to the Change Notice Request, which speaks for itself, and deny the remaining allegations in paragraph 38.

39. Refer to the Change Notice, which speaks for itself, and deny the remaining allegations in paragraph 39.

40. Refer to the Change Notice, which speaks for itself, and deny the remaining allegations in paragraph 40.

41. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 41.

42. Refer to the pleadings in the Underlying Action, which speak for themselves, and deny the remaining allegations in paragraph 42.

43. Refer to the complaint in the Underlying Action, which speaks for itself, and deny the remaining allegations in paragraph 43.

44. Refer to the complaint in the Underlying Action, which speaks for itself, and deny the remaining allegations in paragraph 44.

45. Refer to the complaint in the Underlying Action, which speaks for itself, and deny the remaining allegations in paragraph 45.

46. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 46.

47. Refer to the alleged letter, which speaks for itself, and deny the remaining allegations in paragraph 47.

48. Refer to the alleged letter, which speaks for itself, and deny the remaining allegations in paragraph 48.

49. Refer to the alleged letter, which speaks for itself, and deny the remaining allegations in paragraph 49.

50. Refer to the alleged letter, which speaks for itself, and deny the remaining allegations in paragraph 50.

51. Deny the allegations in paragraph 51.

52. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 52.

53. Deny knowledge and information sufficient to form a belief about the allegations in paragraph 53.

54. Refer to the alleged expert reports, which speak for themselves, and deny knowledge and information sufficient to form a belief about the allegations in paragraph 54.

55. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 55.

56. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 56.

57. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 57.

58. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 58.

59. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 59.

60. Refer to the Initial Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 60.

61. Refer to the Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 61.

62. Refer to the Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 62.

63. Refer to the Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 63.

64. Deny the allegations in paragraph 64, except Admit that MD&A retained experts in the Underlying Action.

65. Refer to the Landy Report, which speaks for itself, and deny the remaining allegations in paragraph 65.

66. Refer to the Landy Report, which speaks for itself, and deny the remaining allegations in paragraph 66.

67. Refer to the Landy Report, which speaks for itself, and deny the remaining allegations in paragraph 67.

68. Refer to the Initial Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 68.

69. Refer to the Initial Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 69.

70. Refer to the Initial Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 70.

71. Refer to the Initial Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 71.

72. Refer to the Initial Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 72.

73. Refer to the Initial Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 73.

74. Refer to the Initial Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 74.

75. Refer to the Initial Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 75.

76. Refer to the Supplemental APS Reports, which speak for themselves, and deny the remaining allegations in paragraph 76.

77. Refer to the Supplemental Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 77.

78. Refer to the Supplemental Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 78.

79. Refer to the Supplemental Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 79.

80. Refer to the Supplemental Ward Report, which speaks for itself, and deny the remaining allegations in paragraph 80.

81. Refer to the Supplemental Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 81.

82. Refer to the Supplemental Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 82.

83. Refer to the Supplemental Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 83.

84. Refer to the Supplemental Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 84.

85. Refer to the Supplemental Exponent Report, which speaks for itself, and deny the remaining allegations in paragraph 85.

86. Refer to the alleged supplemental reports, which speak for themselves, and deny the remaining allegations in paragraph 86.

87. Refer to the Supplemental Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 87.

88. Refer to the Supplemental Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 88.

89. Refer to the Supplemental Alan Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 89.

90. Refer to the Supplemental Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 90.

91. Refer to the Supplemental Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 91.

92. Refer to the Supplemental Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 92.

93. Refer to the Supplemental Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 93.

94. Refer to the Supplemental Andy Spisak Report, which speaks for itself, and deny the remaining allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

104. Deny the allegations in paragraph 104, except admit that Continental contributed $1,000,000 toward the settlement of the Underlying Action.

105. Deny the allegations in paragraph 105, except admit that the limit of the Continental Policy is included in MD&A's retained limit under the National Union Policy.

106. Deny the allegations in paragraph 106, except admit that the limits of the Lexington Policy and the Continental Policy must be exhausted before National Union becomes liable for the Underlying Action.

107. Deny the allegations in paragraph 107.

108. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 108.

109. Deny the allegations in paragraph 109.

110. Refer to the Continental and National Union Policies, which speak for themselves, and deny the allegations in paragraph 110.

111. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 111.

112. Refer to the Lexington and National Union Policies, which speak for themselves, and deny the remaining allegations in paragraph 112.

113. Deny the allegations in paragraph 113.

114. Deny the allegations in paragraph 114.

## REPLY TO FIRST COUNTERCLAIM

115. Repeat their responses to these paragraphs.

116. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 116.

117. Refer to the Lexington Policy, which speaks for itself, and deny the remaining allegations in paragraph 117.

118. Refer to the Continental Policy, which speaks for itself, and deny the allegations in paragraph 118.

119. Deny the allegations in paragraph 119.

120. Deny the allegations in paragraph 120.

**REPLY TO SECOND COUNTERCLAIM**

121. Repeat their responses to these paragraphs.

122. Refer to the Continental Policy, which speaks for itself, and deny the remaining allegations in paragraph 122.

123. Deny the allegations in paragraph 123.

124. Deny the allegations in paragraph 124.

125. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 125.

126. Refer to the Continental and National Union Policies, which speak for themselves, and deny the allegations in paragraph 126.

127. Refer to the National Union Policy, which speaks for itself, and deny the remaining allegations in paragraph 127.

128. Deny the allegations in paragraph 128.

129. Deny the allegations in paragraph 129.

**REPLY TO THIRD COUNTERCLAIM**

130. Repeat their responses to these paragraphs.

131. Refer to the Lexington and National Union Policies, which speaks for themselves, and deny the allegations in paragraph 131.

132. Deny the allegations in paragraph 132.

133. Deny the allegations in paragraph 133.

134. Deny the allegations in paragraph 134, except admit that Continental contributed $1,000,000 to the settlement.

135. Deny the allegations in paragraph 135.

136. Deny the allegations in paragraph 136.

137. Deny the allegations in paragraph 137.

138. Deny the allegations in paragraph 138.

### REPLY TO FOURTH COUNTERCLAIM

139. Repeat their responses to these paragraphs.

140. Deny the allegations in paragraph 140.

141. Deny the allegations in paragraph 141.

142. National Union and Lexington repeats every assertion set forth in paragraphs 1 through 142.

143. Deny the allegations in paragraph 143.

144. Deny the allegations in paragraph 144.

145. Deny the allegations in paragraph 145.

WHEREFORE, Lexington and National Union request;

a. all relief requested in their amended complaint;

b. denial of the relief Continental seeks on its counterclaims; and

c. such other and further relief the Court deems proper.

Dated: June 30, 2008

**HODGSON RUSS LLP**
*Attorneys for Plaintiffs*


  s/Kevin D. Szczepanski
Patrick M. Tomovic (PT4030)
Kevin D. Szczepanski (KS1599)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000

The Lincoln Building
60 East 42nd Street, 37th Floor
New York, New York 10165-0150
(212) 751-4300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, individually and as an assignee
and subrogee of Mechanical Dynamics & Analysis,
LLC, and LEXINGTON INSURANCE COMPANY,
individually and as an assignee and subrogee of
Mechanical Dynamics & Analysis, LLC,

         Plaintiffs,

 v.               Case No. 07-CV-11073(WHP)
                   ECF CASE
CONTINENTAL CASUALTY COMPANY,

         Defendant.

---

## CERTIFICATE OF SERVICE

  I hereby certify that on June 30, 2008, I electronically filed plaintiffs reply to Continental Casualty Company's counterclaims with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Christopher R. Carroll
  ccarroll@cmk.com

2. Eileen De Callies
  edecallies@cmk.com

3. Patrick Matthew Tomovic
  ptomovic@hodgsonruss.com
  efilingbflo@hodgsonruss.com
  llazarus@hodgsonruss.com

4. Kevin Douglas Szczepanski
  kds@hodgsonruss.com
  bowens@hodgsonruss.com
  efilingbflo@hodgsonruss.com

Notice will be delivered by other means to:

1. Alba Alessandro
   Hodgson Russ LLP
   60 East 42nd Street, 37th Floor
   New York, New York 10165

Dated: June 30, 2008

**HODGSON RUSS LLP**
*Attorneys for Plaintiffs*


___s/Kevin D. Szczepanski_____
Kevin D. Szczepanski (KS1599)
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
(716) 856-4000

The Lincoln Building
60 East 42nd Street, 37th Floor
New York, New York 10165-0150
(212) 661-3535

042941/00030 BFLODOCS 2340367v1