USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, et ano.,
                                            07 Civ. 11073(WHP)(DFE)
                    Plaintiffs,
                                            (This is an ECF case.)
        - against -
                                            MEMORANDUM AND ORDER
CONTINENTAL CASUALTY COMPANY,

                    Defendant.
-----------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

*I turn first to Continental's August 21 letter to me, and National Union's August 25 response.*

1. On April 16, one day after the scheduled close of fact discovery, Continental took the deposition of Patrick Christie, National Union's corporate designee on the topic of the underwriting of the National Union policy at issue. On April 20, Continental asked National Union for a second deposition on this topic, namely a deposition of Andreas Graham, who had been personally involved in the underwriting (a fact known by Continental since 2008). On the same day, National Union objected. Continental now complains to me that Christie did not adequately prepare for his deposition and did not talk with Graham.

2. After April 20, Continental had ample opportunity to ask me or Judge Pauley to compel a deposition of Graham. Judge Pauley held a conference on June 9 and issued an order dated June 9 and filed June 10; it said: "Defendant is entitled to take up to four hours of depositions, deposing no more than two witnesses, by August 31, 2009." On July 6, I held a telephone conference; among various topics, Continental said it was thinking about deposing Graham but couldn't decide until it saw further documents. I directed the parties to submit any discovery disputes to me by August 4 at noon, and I warned them that I would be on vacation after August 6. Continental waited until August 21 to ask me to compel a deposition of Graham. **I hereby rule that the request to depose Graham is limited by Judge Pauley's order dated June 9 and filed June 10, which allowed Continental no more than four hours to depose one or two witnesses of its choice. If (and only if) Continental has not**

USDC SDNY
DATE SCANNED 9/8/09

used up those four hours and has not used up two witnesses, then I hereby permit it to use up its remaining hours in a deposition of Graham.  I realize that Graham no longer works for National Union.  I hereby extend Judge Pauley's August 31 deadline for completing the four hours, but only to September 17, 2009.

>  *I turn next to the parties' joint letter to me dated August 25.*

3.  As to Part A:  **I deny Plaintiffs' request for an order compelling the deposition of Anthony Andersen.**  Plaintiffs have already deposed Paul Thiergartner, Janet Dell'Anno, and Erin Finn regarding the claims handling by Continental.

4.  As to Part B:  On July 21, Plaintiffs took the deposition of Marie Bernier, a manager-level underwriter at Victor O. Schinnerer & Co.  This is a separate company that underwrites Continental's line of architect/engineers professional liability policies.  Continental designated Bernier as its Rule 30(b) witness on the underwriting process of the Continental policy at issue.  She was represented at the deposition by Continental's law firm, and specifically by David Kupfer.  She testified as follows.  In 2003, on behalf of Continental, her company negotiated the premium for the renewal of the policy to MD&A.  In pricing a policy, her company considered prior notices of claims, which are contained in a document called a loss run.  A claim would be taken into consideration even if no payment had yet been made on it.  The pricing is up to the underwriting judgment of the individual underwriter, who was supervised by her.  In her underwriting of the renewal of the policy, she was familiar with the Orion claim. (The Orion claim was a lawsuit by Orion Power against MD&A which was pending in 2003; it was discussed briefly in my order dated April 15, 2009.)  Mr. Kupfer instructed Bernier not to answer the following questions:  "[W]hat was your understanding of the Orion claim?"  "[D]o you know ... whether the Orion claim was considered part of the incurred losses that were factored into the loss ratio?"

5.  My Standing Order for Discovery Disputes says:  "No one may instruct a witness not to answer, except upon grounds of privilege, or as permitted by Rule 30(c)(2) ....  [A]pplications to terminate or limit a deposition ... may be brought to my attention by telephone conference ...."  On July 21, I was available.  However, Mr. Kupfer stated that he preferred making a written application rather than telephoning me.  He told the questioner:  "I think it's an appropriate subject of a protective

order because - - for a number of reasons, all of which I'm not prepared to articulate on the record, .... I'm not going to be limited to whatever explanation I give you on the record today. I'm not going to litigate the issue off the top of my head." In the August 25 joint letter, Mr. Kupfer's colleague Mr. Eisenstein now sets forth Continental's arguments. I find them unpersuasive. Prior to the July 21 deposition, the parties had been arguing about documents withheld by Continental, including documents about the Orion claim. On July 16, Mr. Eisenstein wrote that these withheld documents "do not contain information regarding how Continental determined the premium it charged MDA." If so, this does not mean the documents are irrelevant. But this does means that it was all the more important for Bernier to supply the information via oral testimony.

6. **By September 11, 2009, Continental must send to me, for my *in camera* inspection, documents CCC 6134-35, 7093-94, and 7108-11, in redacted and unredacted form, with an affidavit explaining why I should allow these redactions. By September 15, 2009, Continental must produce any additional documents from the underwriting file of the Continental Professional Liability Policy at issue in the case at bar which are (a) "loss run" documents generated in 2002 or 2003, or (b) documents generated in 2001 or 2002 or 2003 concerning the claim by Orion Power against MD&A.**

7. **On the other hand, I sustain Continental's objection to production of the underwriting files of Victor O. Schinnerer & Co. for MD&A from 1996 through 1998. Continental is hereby precluded from offering into evidence any portion of those files which has not been produced to Plaintiffs.**

8. **By September 15, 2009, Continental must serve an affidavit from Marie Bernier answering the following questions: What was your understanding of the Orion claim? Do you know whether the Orion claim was considered part of the incurred losses that were factored into the loss ratio? To the best of your professional estimation, what premium would have been charged for the policy at issue if Orion Power had made no claim against MD&A?**

9. **Plaintiffs may then depose Bernier for an additional three hours, on or before September 25, 2009, with the parties to bear their own costs.**

> *I turn finally to three letters to me, from National Union on August 13, from Continental on August 24, and from National Union on August 26.*

10. In response to my July 24 order, National Union produced its hard-copy documents on August 11, but it has needed much more time to locate and review its electronic documents, because they are intermingled with tens of thousands of pages involving unrelated claims. I am satisfied with the August 26 explanation as to why National Union would need until approximately September 4 to complete its production. **I direct National Union to fax me, by September 9, 2009, a status report concerning its compliance with my July 24 order.**

                                                       */s/ Douglas F. Eaton*
                                    DOUGLAS F. EATON
                                    United States Magistrate Judge
                                    500 Pearl Street, Room 1360
                                    New York, New York 10007
                                    Telephone: (212) 805-6175
                                    Fax: (212) 805-6181fax

Dated:    New York, New York
             September 8, 2009

Copies of this Memorandum and Order will be sent by electronic filing to all counsel, and by fax to:

Matthew J. Fink, Esq. at fax 312-762-3200fax
Douglas K. Eisenstein, Esq. at fax 212-252-0444fax

Hon. William H. Pauley, III